UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN DOE ) | |
| ) | Case No.16-cv-08298 |
| v. ) | |
| ) | Judge Edmond Chang |
| THE UNIVERSITY OF CHICAGO, ) | |
| et. al., ) | |
| ) | |
| Defendants ) | |

### JOHN DOE'S RENEWED MOTION FOR EXPEDITED DISCOVERY

Pursuant to the Federal Rules of Civil Procedure 30, 33, 34, and 36, John Doe respectfully renews his request for an Order expediting discovery. Specifically, John Doe requests Defendant University of Chicago ("UC") answer interrogatories, requests for admissions, and document production requests contained in Exhibit 1 to this Motion.

Under the Federal Rules of Civil Procedure, UC normally has 30 days to respond to interrogatories, requests for admissions, and requests for documents.[1] But, these rules allow this Court to shorten the 30-day deadline.[2] Here, John Doe requests UC be ordered to produce responses to John Doe's discovery requests at least 10 days before any hearing on John Doe's motion for a temporary injunction. In addition, John Doe seeks authorization to depose the University of Chicago's Associate Dean for Disciplinary Affairs, Jeremy Inabinet and any other witnesses UC may call to testify at the temporary injunction hearing by UC at least 2 days prior to said hearing.

---

[1] *See,* Civ. R. 33(b)(2), Civ. R. 34(b)(2)(A) and Civ. R. 36(a)(3)(requiring parties to respond to document requests, interrogatories, and requests for admissions, "within 30 days . . . [but] shorter . . . time for responding may be stipulated to under Rule 29 or by the Court."

[2] *Id.*

Expedited discovery is appropriate in this case because the facts suggest UC will not be subject to undue burden or unnecessary inconvenience. The information John Doe seeks involves matters of personal knowledge and documents likely to be in UC's immediate possession. As each day passes, the irreparable harm detailed in John Doe's Complaint becomes worse. Moreover, a denial of John Doe's request for expedited discovery will significantly prejudice his ability to produce evidence at the injunction hearing. As a result, John Doe respectfully requests this Court find good cause exists for granting the proposed attached Order granting the aforementioned expedited discovery.

Respectfully submitted,
Attorney for John Doe

By: /s/ Eric J. Rosenberg

Eric J. Rosenberg (0069958)
Tracy L. Turner (0069927)
Rosenberg & Ball Co. LPA
395 North Pearl Street
Granville, Ohio 43023
740.644.1027 phone
866.498.0811 fax
erosenberg@rosenbergball.com
tturner@rosenbergball.com
*Lead Attorneys for Plaintiff*


/s/Chad Nold

Chad Nold (6317549)
Daliah Saper (6283932)
Saper Law Offices, LLC
505 N. LaSalle St., Ste 350
(312) 527 – 4100
chad@saperlaw.com
ds@saperlaw.com
*Local Counsel for Plaintiff*

## **CERTIFICATE OF SERVICE**

I certify that on September 7, 2016, I filed this court filing with the Clerk of Court using the CM/ECF system which will send notification of the filing to all registered parties and that a copy of this court filing was mailed via regular U.S. Mail to Jane Doe's home address.

/s/Eric Rosenberg